IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE RAINLINE CORPORATION        )
                                )
                Plaintiff,       )
                                )
        v.                       )        No. 2:04-cv-2700-GEB-DAD
                                )
CENTRAL STRIPING SERVICE,        )        ORDER
INC., JAMES LESNIEWSKI, and      )
SUSAN LESNIEWSKI,                )
                                )
                Defendants.      )
_____)

        Defendants object to the July 1, 2005, Status (Pretrial Scheduling) Order ("Scheduling Order"), which currently requires expert disclosures under Rule 26 of the Federal Rules of Civil Procedure no later than October 14, 2005.[1] Defendants argue, *inter alia*, that "[they] will essentially be stripped of their due process right to properly investigate and present a defense regarding the invalidity of the patents in suit" unless the Scheduling Order is amended to allow expert disclosures of matters unrelated to the *Markman* hearing sometime after October 14, 2005. (Defs.' Am. Objection at 1.)  Defendants propose for the first time that the

---

        [1]     Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

expert disclosures under Rule 26 be bifurcated such that expert disclosures currently scheduled for October 14, 2005, be limited to opinions addressing claim construction, and that expert disclosures for all opinions other than claim construction be set for April 3, 2005. (Id. at 2.)

Plaintiff opposes Defendants' objection arguing that the Scheduling Order should not be amended because (1) Plaintiff informed the Lesniewski's that they would be sued individually before Plaintiff filed its First Amended Complaint, (2) Defendants have not diligently pursued or responded to discovery in this action, (3) this matter is not as complex as Defendants suggest, and (4) bifurcating the experts' disclosures (i.e., creating two rounds of expert reports and expert discovery) will impose an unreasonable burden and expense on Plaintiff. (Pl.'s Resp. to Defs.' Objection at 2-3).

Because of the infirmity of the objection period language, it is unclear whether sustaining an objection and granting a requested change to the Scheduling Order effects an amendment governed by Rule 16(b).  This ambiguity in the Scheduling Order will be construed in Defendants' favor, since Defendants could have reasonably assumed they could effect a change in the Scheduling Order by objecting within the prescribed objection period.[2]

Since Defendants' proposed bifurcation of expert disclosures is a workable procedure, that procedure will be adopted.  Therefore,

---

[2]  The objection period provided in the Scheduling Order was not intended to provide a party with an opportunity to alert the scheduling judge to a procedure that should have been brought to the judge's attention in a timely-filed status report.  But since the objection period language indicates otherwise, Defendants' objection is considered.  Because of the potential for misuse of the objection period section of the Scheduling Order at p. 10, lns. 13-18, it is withdrawn.

1   subparagraph (b) of the Scheduling Order's Discovery section (p. 4,

2   lns. 3-7) is amended as follows:

3           Each party shall comply with Federal Rule of Civil
            Procedure 26(a)(2)'s initial expert witness
4           disclosure and report requirements  as to claim
            construction on or before October 14, 2005, and
5           with the rebuttal expert disclosures authorized
            under the Rule on or before November 18, 2005.
6           Also, each party shall comply with Rule 26(a)(2)'s
            initial expert witness disclosure and report
7           requirements as to any relevant opinion not
            concerning claim construction on or before
8           April 3, 2006, and with the rebuttal expert
            disclosures authorized under the Rule on or before
9           May 5, 2006.

10

11      IT IS SO ORDERED.

12  Dated:   July 22, 2005

13                              /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
14                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28