UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RAINLINE CORPORATION, | Case No. CIV.S-04-2700 GEB DAD |
| Plaintiff, | CONSENT JUDGMENT |
| v. | |
| CENTRAL STRIPING SERVICE, INC., JAMES LESNIEWSKI, SUSAN LESNIEWSKI, | |
| Defendants. | |

The parties, having agreed in accordance with the terms of a Settlement Agreement effective October 4, 2005, for the resolution of this matter prior to a trial on the merits, it is hereby ORDERED, ADJUDICATED AND DECREED, that a final judgment be entered in this action as follows:

1. This Court has jurisdiction over the parties and Plaintiff's claim of patent infringement under the patent laws of the United States, namely the United States Patent Act, 35 U.S.C. § 101, et seq., and pursuant to 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338(a). Venue of this action is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

2.     "Plaintiff" and "RainLine" shall mean and include The RainLine Corporation, a corporation organized and existing under the laws of the State of Alabama, having its principal place of business at 602 C Oliver Road, Montgomery, Alabama 36117, and its successors and assigns.

3.     "Central Striping" shall mean and include Central Striping Service, Inc., a corporation organized and existing under the laws of the State of California, having its principal place of business at 3489 Luyung Drive, Rancho Cordova, California 95742, and its officers, directors, successors and assigns.

4.     On August 8, 1995 United States Letters Patent No. 5,439,312 (hereinafter "'312 Patent") was duly and legally issued in the name of Forrest C. Marcato. On April 30, 1996, United States Letters Patent No. 5,511,896 (hereinafter "'896 Patent") was duly and legally issued in the name of Forrest C. Marcato. On July 1, 1997, United States Letters Patent No. 5,642,962 (hereinafter "'962 Patent") was duly and legally issued in the name of Forrest C. Marcato. The '312, '896 and '962 patents are assigned to Plaintiff RainLine.

5.     It is conclusively determined between the parties that all claims of the '312 Patent, the '896 Patent and the '962 Patent are valid and enforceable. For four years following entry of this Consent Judgment, defendants Central Striping, James Lesniewski, and Susan Lesniewski also shall not challenge, nor assist in challenging, the validity or enforceability of the '312 Patent, the '896 Patent or the '962 Patent in any judicial or administrative proceeding, including any proceeding before the U.S. Patent and Trademark Office, except as required by law pursuant to a valid subpoena or court order.

6.     RainLine alleges that Central Striping has infringed the '312 Patent, the '896 Patent, and the '962 Patent by making unlicensed and unauthorized use of the methods covered by those three patents in performing road striping in the United States. Central Striping has stipulated to judgment on these claims as set forth herein and defendant Central Striping, Inc. shall pay the amount of $20,000 (Twenty Thousand Dollars) to RainLine as compensation therefor.

7. Defendant Central Striping, its agents, servants, employees, successors, and assigns, and all people in active concert with them are enjoined from the unauthorized making, using, selling, offering to sell, or importing of the inventions covered by the '312 Patent, the '896 Patent and the '962 Patent for four years, except to the extent that they become authorized or licensed to do so by RainLine, or its officers, directors, agents, successors, or assigns. After the expiration of the injunction, the parties shall be in no different position than if the injunction had not been entered in the first instance, and for any subsequent acts of infringement, Plaintiff shall have all remedies that would otherwise be available to it under Title 35 of the United States Code, or any other provision of law.

8. The injunction set forth in paragraph 7 shall terminate automatically as to any of the claims of the '312 Patent, the '896 Patent and the '962 Patent that may be found invalid or unenforceable after a final judgment, after all avenues for appeal have been exhausted, in an action by a third party and without any assistance from Defendants (other than required by law pursuant to a valid subpoena or court order).

9. Each of the parties hereto shall bear its own costs and attorney's fees incurred in this action.

10. With entry of this Consent Judgment, Civil Action CIV. S-04-2700 GEB DAD shall hereby be dismissed with prejudice.

///
///
///
///
///
///
///
///
///

11.   Jurisdiction is retained by this Court for the purpose of enabling the parties to apply to this Court at any time for such further orders or direction as may be necessary for the interpretation or implementation of this Consent Judgment, or for its enforcement.

**SO AGREED AND STIPULATED.**

Dated:  October 4, 2005          THE RAINLINE CORPORATION

By:  /S/   FORREST C. MARCATO
Name:  FORREST C. MARCATO
Title:   President

Dated:  October 4, 2005          CENTRAL STRIPING SERVICE, INC.

By:   /S/ JAMES LESNIEWSKI
Name:  JAMES LESNIEWSKI
Title:   President

Dated:  October 4, 2005          By:   /S/ JAMES LESNIEWSKI
                                         JAMES LESNIEWSKI

Dated:  October 4, 2005          By:   /S/ SUSAN LESNIEWSKI
                                         SUSAN LESNIEWSKI

**IT IS SO ORDERED:**

DATED:  November 7, 2005         /s/ Garland E. Burrell, Jr.
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge

Stevens & O'Connell LLP

CONSENT JUDGMENT
Case No. CIV S-04-2700 GEB DAD